UNITED STATES of America, Plaintiff,

v.

**Loran Michael SPARS and Darlene Jean Spars, Defendants.**

UNITED STATES of America, Plaintiff,

v.

**Loran Michael SPARS, Jan Roland Olsson, and Pattie Lou Bean, Defendants.**

**Nos. 3–86 CR 110, 3–86 CR 111.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 10, 1986.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Mark D. Nyvold, Minneapolis, Minn., for Michael Spars.

Bruce H. Hanley, Minneapolis, Minn., for Darlene Spars.

Terry L. Hegna, St. Paul, Minn., for Patti Lou Bean.

Daniel M. Scott, Minneapolis, Minn., for Jan Olsson.

ALSOP, Chief Judge.

This matter comes before the court upon defendants Loran Spars' and Darlene Spars' respective objections to the report and recommendation issued by Magistrate Janice M. Symchych dated October 31, 1986. A United States magistrate's report and recommendation on a pretrial motion to suppress evidence is subject to *de novo* review by this court. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 16(C)(2). *See also United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

## DISCUSSION

In objecting to the report and recommendation, the defendants does not dispute the magistrate's finding of facts relevant to the searches of the residence at 6354 Willow Lane, Brooklyn Center, Minnesota. After reviewing the report and recommendation, the defendants' objections thereto, and the record as presently constituted, this court adopts the findings of fact cited in the magistrate's report and recommendation.[1]

The primary objection asserted by the defendants concerns the search of the Spars' residence on May 10, 1985. On May 10, 1985, knowing that the Spars' home was for sale through the multiple-listing service (MLS), two FBI agents assumed the roles of a Chicago couple looking for a home to purchase in the Twin Cities and visited the Spars' home with a MLS–qualified agent, the latter of whom was aware of the agents' true identities. Mrs. Spars permitted a room-by-room tour of the residence based upon the agents' representations that they were potential home buyers. The agents looked in no places that a prospective home buyer would not look. The court assumes that if Mrs. Spars was aware of the agents' true identities, she would not have allowed them in her home.

The defendants argue that because the agents misrepresented their purpose for inspecting the Spars' home, Mrs. Spars' consent was not voluntarily given, and the search was unconstitutional. This court is not without guidance when deciding the constitutionality of deceptive searches. *See Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); *United States v. Raines,* 536 F.2d 796 (8th Cir.), *cert. denied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). In *Lewis,* the agent, by misrepresenting his identity, gained entry to the defendant's residence for the purpose of completing a drug transaction. The Supreme Court upheld the search, recognizing that the government is entitled to use decoys and to conceal the identity of its agents. In *Raines,* upon arresting an individual on drug-related charges, the agent was informed that the defendant was the source of the arrested individual's drug supply. The agent proceeded to the defendant's residence and identified himself to the defendant as a friend of the person arrested. Upon informing the defendant that their "mutual friend" had been arrested, the defendant invited the agent into his residence to discuss the arrest. The Eighth Circuit upheld the search as constitutional.

---

**1.** For a detailed discussion of the facts surrounding the searches, *see* the magistrate's report and recommendation.

The defendants attempt to distinguish both *Lewis* and *Raines* by arguing that in those cases, although the respective agents misrepresented their identities, they did not misrepresent the purpose for their entry to the residences. Conceding that *Lewis* allows agents to misrepresent their identities, the defendants attempt to reduce the effect of *Lewis* by precluding an agent from misrepresenting the "true" purpose for his or her entry/search. The court rejects the defendant's attempt to distinguish between types of deception as a distinction without substance. *Raines*, 536 F.2d at 800. In both *Raines* and *Lewis*, by misrepresenting their identities, the respective agents implicitly misrepresented the primary purpose for carrying out the entry/search, that being to gather information and evidence of criminal conduct. In *Lewis*, the agent implicitly misrepresented the purpose for his entry/search, that being to purchase drugs for use or sale. In fact, he entered the residence to purchase drugs for the purposes of obtaining evidence of criminal conduct. Similarly, in *Raines*, the agent implicitly, or perhaps explicitly, misrepresented the purpose for his entry/search, that being to discuss the fate of a "mutual friend." In fact, the agent wanted to gain entry to gather evidence or information of criminal conduct.

In the context of a criminal investigation, the misrepresentation of one's identity is so closely intertwined with the explicit or implicit misrepresentation of the true purpose for the entry/search, that the defendants' hair-splitting distinction between the two is an effort in futility. The Supreme Court in *Lewis* and the Eighth Circuit in *Raines* have implicitly counseled against such distinctions. This is especially true in the present case, given the minimal nature of the deception.[2] *Raines*, 536 F.2d at 800.

Regardless of the court's resolution of the constitutionality of the warrantless search of May 10, 1985, defendant Loren Spars appears to challenge the constitutionality of the search warrant executed on July 13, 1985. The court finds that the probable cause standard of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) is clearly met and that probable cause continued to exist at the time the warrant was executed. *See United States v. Jones*, 801 F.2d 304 (8th Cir. 1986).

Finally, given the court's ruling on the constitutionality of the searches and the fact that government records document what evidence was obtained from each search, defendant Loren Spars' request for an evidentiary hearing is denied.

Based upon the report and recommendation of the magistrate, the court's *de novo* review, and all the files, records and proceedings herein,

IT IS ORDERED That:

1. Defendant Loren Spars' and Darlene Spars' motions to suppress evidence obtained by search and seizure are denied;

2. Defendant Darlene Spars' motion to suppress statements is denied;

3. Defendant Olsson's motion to suppress statements is denied;

4. Defendant Bean's motion to suppress statements is denied;

5. Defendant Loren Spars' motion to suppress post-arrest statements is granted in part, consistent with the terms of the magistrate's report and recommendation; and

6. Defendant Darlene Spars' motion to dismiss the Indictment is denied.

---

2. The agents did no more than what any member of the home-buying public was invited and indeed welcome to do. *Cf. Northside Realty Associates, Inc. v. United States*, 605 F.2d 1348 (5th Cir.1979).